ORIGINAL

# In the United States Court of Federal Claims

No. 16-692C
(Filed: December 19, 2016)

FILED

DEC 1 9 2016

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| GLEN EDWARD MAHONEY, | ) | Pro se; RCFC 12(b)(1); RCFC |
|  | ) | 12(b)(6); Lack of Subject Matter |
| *Pro se* Plaintiff, | ) | Jurisdiction; Res Judicata; Takings |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| THE UNITED STATES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

### ORDER OF DISMISSAL

**FIRESTONE**, *Senior Judge*.

Plaintiff Glen Edward Mahoney, proceeding pro se, filed the instant complaint

against the United States ("the government") alleging violations of the First, Fourth, and

Fifth Amendments of the Constitution of the United States. Mr. Mahoney claims that at

the time of his birth federal officials used "trickery, intimidation, Extortion, Grand Theft,

Conspiracy, Racketeering, Criminal intent Unjust Enrichment, Deceit, Gross

Misrepresentation, [and] Theft by deception" to force his parents to sign a birth

certificate.[1]  Compl. ¶ 15. By signing the certificate, Mr. Mahoney's parents unwittingly

---

[1] The complaint appears to name various individuals and banks as defendants. See Compl. ¶ 14.
The Court of Federal Claims jurisdiction extends only to claims against the United States. *E.g.*,

allowed the government to take his name and use it as collateral for the national debt. Mr. Mahoney argues that this act constitutes a taking without just compensation in violation of the Fifth Amendment, and seeks $2,766,698,000.00 in damages. Compl. ¶ 20. The case is currently before the court on the government's motion to dismiss under Rules of the Court of Federal Claims ("RCFC") 12(b)(1) and 12(b)(6).

This is the second complaint Mr. Mahoney has filed before this court based on essentially the same allegations. *See Mahoney v. United States*, No. 15-1408C, 2016 WL 239749 (Fed. Cl. Jan. 15, 2016) (*"Mahoney I"*). This court dismissed Mr. Mahoney's first complaint for lack of subject matter jurisdiction *sua sponte*. *Id.* For the reasons that follow, the court now dismisses the instant complaint.

## I.    BACKGROUND

Mr. Mahoney filed a complaint in this court in 2015 with factual allegations that are identical to those found in his present complaint. *See Mahoney v. United States*, No. 15-1408C, 2016 WL 239749 (Fed. Cl. Jan. 15, 2016). The heart of Mr. Mahoney's allegation lies in a comprehensive scheme by the government to create "economic slaves" out of the American public. *See* Compl. ¶ 11. At the time of his birth, Mr. Mahoney claims, the government fraudulently required his parents to sign a birth certificate, thereby allowing the government to establish a secret trust fund in his name. The plan is explained in a statement allegedly made by Woodrow Wilson's political advisor Edward

---

*United States v. Sherwood*, 312 U.S. 584, 88 (1941); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Therefore, Mr. Mahoney's claims against defendants other than the United States are **DISMISSED** pursuant to RCFC 12(b)(2).

Mandell House. *Id.* at ¶ 11. According to the statement, the government began issuing birth certificates and created the social security system as a ruse to acquire the rights and property of private citizens. *Id.* By doing so "every American will insure [the government] for any loss [it] may incur and in this manner, every American will unknowingly be [the government's] servant." *Id.*[2]

In his initial complaint, plaintiff purported to bring this case under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et. seq., and the First Amendment. *Mahoney I*, 2016 WL 239749, at *1. The court found that because plaintiff failed to state a claim under a money-mandating statute or constitutional provision, his complaint must be dismissed. *Id.* at *1-2. In this complaint, Mr. Mahoney argues the government violated the Takings Clause of the Fifth Amendment, as well as unstated provisions of the First and Fourth Amendments. Mr. Mahoney seeks to recover $2,766,698,000.00, the alleged value of the fund. Compl. ¶ 20.

Mr. Mahoney filed the instant complaint, Docket No. 1, and a motion to proceed *in forma pauperis*, Docket No. 5, on June 13, 2016. On August 29, 2016 the government

---

[2] Mr. Mahoney's allegations are consistent with what is known as the "redemption theory." "According to the redemption theory, the federal government tricks people into becoming United States citizens by having individuals register for a birth certificate and social security card. These documents purportedly create a fictitious entity that is separate from the real person and is evidenced by the appearance of the person's all-capitalized name on his or her birth certificate and social security card. The theory alleges that through these documents individuals 'pledge themselves and their property, through their newly created fictitious entities, as security for the national debt.' According to proponents of this theory, because the actual persons are the rightful owners, the [g]overnment hold the debt in secret, individual trust accounts. Claims based on this 'theory'-that has been described as 'equal parts revisionist legal history and conspiracy theory'-have been overwhelmingly unsuccessful." *Troxelle v. United States*, No. 10-312C, 2010 WL 3982349, at *2 (Fed. Cl. Oct. 6, 2010) (citations omitted).

3

filed a motion for extension of time to respond to the complaint. Docket No. 8. The court granted the government's motion on August 31, 2016. The government filed a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and failure to state a claim under RCFC 12(b)(6) on September 9, 2016. Docket No. 12. Mr. Mahoney submitted his response on October 7, 1016, Docket No. 13, and the government filed its reply on October 21, 2016. Docket No. 14. On November 14, 2016, plaintiff filed a supplemental brief to his opposition to the government's motion to dismiss stating that he will "refuse to accept any dismissal, all in justice, only judgment on merit . . . ." Docket No. 15. The court finds that oral argument is unnecessary for the resolution of this case.

## II.    LEGAL STANDARD

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The court's jurisdiction is limited to claims based upon money-mandating provisions of law. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Mr. Mahoney is proceeding pro se. The pleadings of *pro se* plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a *pro se* plaintiff must meet the

4

burden of demonstrating the court's subject matter jurisdiction. *See, e.g.*, *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted); *Mora v. United States*, 118 Fed. Cl. 713, 715 (2014) (citation omitted). In order for a complaint to survive a motion to dismiss under RCFC 12(b)(6) for failure to state a claim, a pro se plaintiff must still "allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief to avoid dismissal for failure to state a claim," *Filler v. United States*, 602 F. App'x 518, 520 (Fed. Cir. 2015) (quoting *Acceptance Ins. Cos. v. United States,* 583 F.3d 849, 853 (Fed. Cir. 2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007) (internal quotation marks omitted)). The facts as alleged "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Twombly,* 550 U.S. at 555).

## III.    DISCUSSION

### A.    The Court Lacks Subject Matter Jurisdiction over Plaintiffs First and Fourth Amendment Claims and Statutory Claims

To the extent that Mr. Mahoney's claim relies upon the First and Fourth Amendments, the court lacks subject matter jurisdiction. It is well established that neither the First nor the Fourth Amendment is a money-mandating provision of the Constitution. *Cabral v. United States*, 317 F. App'x. 979, 981 (Fed. Cir. 2008) (holding that the First Amendment is not money-mandating); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a

violation."). Because these provisions are not money-mandating, the court lacks subject matter jurisdiction.

Additionally, because Mr. Mahoney raised identical First and Fourth Amendment claims in his previous complaint, these claims are barred by *res judicata*. *See generally Mahoney v. United States*, No. 15-1408C, 2016 WL 239749 (Fed. Cl. Jan. 15, 2016). The principle of *res judicata* may apply to questions of jurisdiction. *Citizens Elecs. Co., Ltd. v. OSRAM GmBH*, 225 F. App'x 890, 893 (Fed. Cir. 2007). Although a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits, it retains "some preclusive effect" if the plaintiff fails to cure the jurisdictional problems. *Lea v. United States*, 126 Fed. Cl. 203, 213 (2016). "'If [a] second-filed claim presents the same jurisdictional issue as raised in the first suit, the doctrine of *res judicata* bars the second claim,' unless 'the second-filed claim contains new information which cures the jurisdictional defect fatal to the first-filed suit.'" *Id.* (quoting *Goad v. United States*, 46 Fed. Cl. 395, 398 (2000)). Here, Mr. Mahoney's present complaint does not contain additional information sufficient to cure the jurisdictional defects regarding the allegations based on the First and Fourth Amendments.

## B.   Plaintiff Fails to State a Claim under the Takings Clause

Mr. Mahoney's takings claim fails because he does not concede the validity of the government's actions. A "claimant must concede the validity of the government action which is the basis of the taking claim to bring suit under the Tucker Act."

6

*Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993); *see also Gahagan v. United States*, 72 Fed. Cl. 157, 161 (2006) (citing *Fla. Rock Indus., Inc. v. United States*, 791 F.2d 893, 898 (Fed. Cir. 1986)). In order to recover on a takins claim, the "allegation must not be that the [g]overnment's conduct in and of itself violated the law, but that the effect of a valid exercise of sovereign authority resulted in the taking of private property for public use, but without payment." *Crocker v. United States*, 37 Fed. Cl. 191, 196 (1997). If the government action is not authorized, then the action "may be enjoinable, but [does] not constitute a taking effective to vest some kind of title in the government and entitlement to just compensation in the owner or former owner." *Filler*, 602 Fed. App'x 518 (quoting *Del-Rio Drilling Programs Inc. v. United States*, 146 F.3d 1358, 1362 (Fed. Cir. 1998)).

Mr. Mahoney's Fifth Amendment takings claim is explicitly premised on the unlawfulness of the alleged government act. He states that at the time of his birth federal officials used "trickery, intimidation, Extortion, Grand Theft, Conspiracy, Racketeering, Criminal intent Unjust Enrichment, Deceit, Gross Misrepresentation, [and] Theft by deception" to force his parents to sign a birth certificate. Compl. ¶ 15. Each of these allegations constitutes an unlawful act on the government's behalf and cannot form the basis of a takings claim. Therefore, the facts set out in Mr. Mahoney's complaint, taken as true, do not satisfy the requirements of a Fifth Amendment takings claim. Consequently his complaint fails to state a claim.

## IV.    CONCLUSION

For the reasons stated above, the government's motion to dismiss is **GRANTED**.

Mr. Mahoney's complaint must be **DISMISSED** and his motion for leave to file *in forma pauperis* is **DENIED AS MOOT**.  The clerk shall enter judgment accordingly.

 **IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge